UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20110-GAYLES(s)

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BAYRON BENNETT, et al., )
Defendants. )
_______________________________/

**GOVERNMENT'S FIRST RESPONSE TO**

**THE STANDING DISCOVERY ORDER**

The United States hereby files this First Response to the Standing Discovery Order on the Superseding Indictment. This response also complies with Local Rule 88.10 and Federal Rules of Criminal Procedure 16 and 16.1, and is numbered to correspond with Local Rule 88.10. The discovery that is attached is as follows:

A. 1. There are audio and video recordings containing statements by the Defendants that are provided with this discovery response.

2. The recordings containing the substance of any oral statements made by the Defendants before or after arrest in response to interrogation by any person then known to the Defendants to be a government agent are provided with this discovery response.

3. Defendants Bayron Bennett and Avery Bivins testified before the Grand Jury.

4. The NCIC records of the defendants are provided with this response.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its

case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 N.E. 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for September 4, 2024 at 2 P.M. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

Some of the items included in this discovery response include:
-Videos/Stills/Photographs
-Search Warrant Results
-Search Warrants
-FBI Reports

6. A laboratory analysis of the substances seized in connection with this case is provided with this response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendants were identified by various co-defendants. A copy of those identifications are provided with this response.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions.

I. The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L. If you wish to inspect the vehicles used in the commission of the offenses charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of this Response to the Standing Discovery Order.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O. The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for discovery via telephone and email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense.

The government is requesting that defense counsel provide the government with a One (1) terabyte (TB) external hard drive to produce the discovery, given the size and amount of discovery, including video and audio recordings. Upon receipt of the hard drive, the government will then copy the discovery and send it back to defense counsel. A Discovery Key that contains a table of contents will be submitted with the discovery.

Please contact the undersigned Assistant United States Attorney if any materials are missing, or if there is difficulty opening the media.

Respectfully submitted,
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Brian Dobbins
BRIAN DOBBINS
Assistant United States Attorney
Court No. A5501182
99 NE 4th Street
Miami, Florida 33132
Tel: (305) 961-9304
Fax: (305) 536-4676

cc: SA Conor Goepel, FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system this 16th day of August, 2024. I further certify that a true and correct copy of the foregoing document was mailed to all counsel of record.

By: /s/ Brian Dobbins
Assistant United States Attorney