UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 24-CR-20110-GAYLE/GOODMAN

UNITED STATES OF AMERICA,
Plaintiff

V.

CLEMENTA JOHNSON,
DEFENDANT
_____/



MOTION TO DISMISS COUNT 16 USC 924(c)
FOR FAILURE TO ESTABLISH A CRIME OF VIOLENCE OR KNOWING
PARTICIPATION UNDER ROSEMOND

COMES NOW the Defendant, CLEMENTA LEAFORD JOHNSON JR, Pro Se, and respectfully moves this Honorable Court to dismiss Count 16 of the superseding indictment, which charges Defendant under 18 U.S.C. § 924(C). This motion is grounded on two bases:

1. The predicate offense of Stalking under 18 U.S.C. 2261A (2)(A) does not qualify as a "crime of violence" under the categorical approach; and
2. Defendant lacked advanced knowledge of the firearm as required under Rosemond v. United States, 572 U.S. 65 (2014).

I. LEGAL STANDARD

United States v. Davis 588 U.S. 445 (2019) eliminated the residual clause of § 924(C).
Only crimes satisfying the "elements clause" qualify as predicates: i.e., the offense must include as an element the use, attempted use, or threatened use of physical force.
The categorical approach (see Taylor v. United States, 596 U.S. 845 (2022)) examines only the statutes elements, not

(1)

the specific facts of the case.

## II. Argument

### A. Stalking Under § 2261A(2)(A) Is Not a Crime of Violence

The statute prohibits electronic conduct intended to cause emotional stress, not physical harm.

It does not require violent physical force or threats of it. Courts must use the categorical approach, not speculate about the facts of the case.

There is no binding Eleventh Circuit decision holding § 2261A(2)(A) as a crime of violence under 924(c).

Therefore, stalking cannot serve as a predicate offense.

### B. Lack of Advance Knowledge Under Rosemond

Under Rosemond, to convict a defendant under § 924(c) via aiding and abetting, the Government must prove:

1. The defendant had advance knowledge a firearm would be used or carried, and

2. A realistic opportunity to withdraw.

In this case:

The co-defendant introduced a gun without notice;
Defendant knew the scheme was a hoax to scare not to harm;
Defendant never agreed to or foresaw use of a weapon

Thus, Rosemond applies: the 924(c) count must be dismissed.

## III. ADDITIONAL CHALLENGE TO THE CONSPIRACY

The murder-for-hire allegation was not genuine: the supposed murder plan was part of a fraudulent extortion scheme.

Defendant knew a murder would not happen.
Any extreme proposal (e.g. injecting poison) was never acted on or accepted.
The firearm use was not forseeable and outside the scope of the supposed agreement.

## IV. CONCLUSION

Because:

§ 2261A(2)(A) is not a crime of violence under the element clause; and
Defendant did not have advance knowledge of the firearm,

Count 16 must be dismissed.

Respectfully submitted,

Clementa L. Johnson Jr, Pro Se
June 24, 2025

Clements F. Johnson Jr. 83653-004
Federal Detention Center - Miami
P.O. BOX 019120
Miami, FL 33101

*Legal MAIL*

33128-771899

United States District Court
Southern District of Florida
400 N. Miami Avenue
Miami, FL 33128

*Legal MAIL*

REC'D BY _____ D.C.
JUN 27 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI