UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY ___ D.C.
SEP 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 24-CR-20110-GAYLES/GOODMAN

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

VERNON GREEN,

DEFENDANT.

_______________________/

MOTION TO WITHDRAW PLEA PURSUANT TO
FEDERAL RULES OF CRIMINAL PROCEDURE 11(d)(2)(B)

Comes Now the Movant, Vernon Green, Pro Se, respectfully submits the following "Motion to Withdraw Plea pursuant to Federal Rules of Criminal Procedure 11(d)(2)(B)." This motion raises meritorious issues and should be granted. Or atleast an evidentiary hearing on the issues below.

**I. FACTUAL BACKGROUD**

The Defendant assumes the court is familiar with the pertinent facts of the instant case.

**II. LEGAL STANDARD**

Under Federal Rules of Criminal Procedure 11(d)(2)(B), a defendant seeking to withdraw his guilty plea after its acceptance by the district court, but prior to sentencing, must show that there is a "fair and just reason for doing so. See United States v. Lundi, 2022 U.S. App. LEXIS 25556(11th Cir. 2022).

Also, under Haines v. Kerner, 404 U.S. 519(1972), The Supreme Court held "in a pro se case, the court must view submissions by a

more lenient standard than that accorded to formal pleadings drafted by lawyers." The Defendant prays this Court construes this motion liberally.

## III. ARGUMENT

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guility plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) "close assistance of counsel was available"; (2) "the plea was knowing and voluntary"; (3) "judicial resources would be conserved"; and (4) "The Government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471-72(11th Cir. 1988.

As to the first prong outlined in Buckles, the Defendant contends that "close assistance of counsel" was not available. Counsel performance has been deficient. Counsel allowed the Government to misrepresent material facts in the plea. For example, the government listed the uncharged offense of 18 U.S.C. §1952(a)(2) as a valid crime of violence predicate for the 18 U.S.C. §924(c) charged in count 16.

When utilizing an uncharged offense as a predicate for 924(c), it requires "only that the predicate offense is 'one the government could have prosecuted..!"-United States v. Kinchen, 2018 WL 11422081, *2(11th Cir. 2017). It is factually impossible for the government to have prosecuted the defendant under §1952(a)(2) because one of the elements required to be proven is that the defendant aimed to "further an unlawful activity." §1952(b)(2) lays out the definition of what conduct constitutes unlawful activity, and the defendant's

conduct unequivocally does not qualify under the statute. Thus, for counsel to allow the government to bamboozle the defendant is troubling. One can infer that counsel failed to ever examine the alleged predicates, because had he done so it would have been clear that §1952 was inapplicable. A reasonable attorney would have likely noticed that defect in the Indictment and Plea.

Counsel also failed to pursue a Fruits-of-the-Poisonous-Tree argument attacking the validity of the evidence used against the Defendant, after his Codefendant, Johnson, prevailed on suppressing his initial statement. A reasonable attorney would have urged a derivative evidence argument, in order to seek redress for the blatant constitutional violation surrounding the suppression of his Codefendant's statement. Despite numerous attempts to convey to his lawyer that the guilty plea was not knowing and intelligent and urging him to seek a withdrawal of the plea, counsel failed to do as requested time and again.

As to the second prong, the Defendant contends that the guilty plea "was not knowing and voluntary." Rule 11 of the Federal Rules of Criminal Procedure "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary plea." United States v. Symington, 781 F. 3d 1308, 1314(11th Cir. 2015)(quoting United States v. Hernandez-Fraire, 208 F.3d 945, 949(11th Cir. 2000)). "That inquiry must address three core concerns underlying Rule 11:(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."-Hernandez-Fraire, at 949.

The guilty plea was not free from coercion. Counsel made it clear from the onset that because the § 924(c) offense carried a maximum of life-in-prison, it was in his best interest to plead out to the charges as soon as possible, and aim to get a favorable deal from the Government. Even the penalty sheet that was provided by counsel reflects the designation of life in prison as the maximum penalty for 924(c). See [D.E. 53, p. 26](Penalty Sheet).

The life Maximum is clearly erroneous in light of United States v. Abbott, 526 US 8(2010), where the court held "accused held subject to highest mandatory minimum sentence specified for accused's conduct in 18 U.S.C. §924(c)... unless another provision of law directed to such conduct imposed greater mandatory minimum sentence. In the instant case, the most the defendant ever did was allegedly brandish a firearm, nothing more. Thus he was only ever subject to the seven-year mandatory minimum proscribed by the statute.

Imposing a higher sentence under 924(c), absent"another provision of law"[under 924(c)], would be a blatant violation of the defendant's Constitutional rights, namely the Fifth and Sixth Amendments. See United States v. Alleyne, 570 US 99, 111-113(2013) ([a] fact that increases a defendant's exposure to punishment, whether by triggering a higher mandatory maximum or minimum sentence, must be submitted to a jury and found unanimously and beyond a reasonable doubt). For the defendant to be subject to a higher minimum sentence under 924(c), the Government must prove that the defendant violated another penalty provision under 924(c), like 924(c)(1)(B)(ii) for possessing a firearm with a silencer

or muffler which carries a minimum of 30 years, or 924(c)(1)(C)(i) where the defendant is a subsequent 924(c) offender and subject to a 25-year minimum.

Given that the defendant is not alleged to have violated any other provision of 924(c), than it is factually impossible for the court to impose anything more than seven years for the conduct he is accused of. The penalty sheet is clearly defective, the government misrepresented another material fact, and counsel once again failed to examine the elements of crimes charged in the indictment as well as the inconsistencies in the plea agreement. Because of the erroneous assertion that he was subject to a life sentence under 924(c), the defendant was clearly coerced into agreeing to the plea.

It is also clear that the defendant did not understand the nature of the charges against him and he did not understand the consequences of his guilty plea. He did not understand that he was not subject to life under 924(c). He did not know that §1952 was'nt a **valid** crime of violence predicate. He didn't understand that the evidence obtained against him was derivative, namely obtained as a result of the unlawful gathering of primary evidence.

Had he known this, it is likely the defendant would not have entered into a plea with the government. Rather, he would have used a vehicle, such as a motion in limine, to challenge the validity of the evidence obtained. By failing to raise these specific issues [now], he would essentially forfeit these claims on appeal. See United States v. Tomeny, 144 F.3d 749, 751(11th Cir. 1988)(A defendant's knowing and voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings). Thus time is of the

essence. Missing the opportunity to seek redress now may very well mean facing an unsurmountable procuderal bar. It is no longer feasible for the Defendant to "wait" on counsel for assistance in this matter.

It should be noted that the Defendant's statements at his plea colloquy only confirmed that he [w]as satisfied with his attorney's representation [at that time]. The Defendant was [then] under the mistaken belief that counsel had properly scrutinized the case and plea agreement before discussing it with him. Hindsight being 20/20, it is clear that is not the case. Honestly, Counsel's performance offends the Sixth Amendment of the Constitution and does not reflect what the Framers had in mind.

As to the final two prongs outlined in Buckles. Given that atleast one codefendant (Johnson) is proceeding to trial, Judicial resources would be conserved and the government would not be prejudiced in any way because it is likely that the Government is adequately prepared for a trial if indeed one manifests.

## CONCLUSION

The Defendant has shown that his guilty plea was not knowing and intelligent. Also, he was not afforded close assistance of counsel, as contemplated in Buckles.

For the reasons stated herein, the Movant respectfully request that this Honorable Court grants this Motion to Withdraw Plea.

Respectfully Submitted,

/s/ Vernon Green

Vernon Green, Pro Se
Reg No. 25049-511
Miami FDC/P.O. Box 019120
Miami, Fl 33101

August 27, 2026
Date

## CERTIFICATE OF SERVICE

I Vernon Green, do hereby certify under penalty of perjury (28 U.S.C. §1746) that I have served a true and correct copy of the following documents:

MOTION TO WITHDRAW PLEA PURSUANT TO
FEDERAL RULES OF CRIMINAL PROCEDURE 11(d)(2)(B)

which, pursuant to Houston v. Lack, 487 US 266(1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon the parties to this litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first postage affixed and I addressed it to:

United States Attorney's Office
Abbie D. Waxman(AUSA)
Southern District of Florida
99 NE 4th Street
Miami, Fl 33132

And deposited said envelope via hand delivery to the Mail Room staff at the Federal Detention Center Miami on this 27th day of August, 2026.

Respectfully Submitted,

/s/ Vernon Green
Vernon Green #25049-511
FDC Miami/P.O. Box 019120
Miami, Fl 33101

Vernon Green # 25049-511
FDC Miami
P. O. Box 019120
Miami, FL 33101




United Sta
Southern D
Office of
400
Miami, F

(Legal Mail)



# 25099-511
33101
UNITED STATES OF AMERICA
FOREVER/USA

